IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-20188
Conference Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

EDISON ABADIA-CALERO, a/k/a Edison Abadia,
a/k/a Edison Calero Abadia,

                                        Defendant-Appellant.


- - - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. CR-H-94-60-2
- - - - - - - - - - -
December 21, 1995
Before DAVIS, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Edison Abadia-Calero appeals his conviction by guilty plea

of conspiracy to possess with intent to distribute cocaine and

aiding and abetting.  Abadia contends that the Government

breached his plea agreement by not recommending a 15-year

sentencing cap and that the district court erred by not allowing

him to withdraw his guilty plea because of the breach of the plea

agreement.

     [*]     Local Rule 47.5.1 provides:  "The publication of
opinions that merely decide particular cases on the basis of
well-settled principles of law imposes needless expense on the
public and burdens on the legal profession."  Pursuant to that
Rule, the court has determined that this opinion should not be
published.

Abadia's plea agreement linked the 15-year sentencing cap to Abadia's substantial cooperation, and reserved to the Government the discretion to move for a downward departure based on substantial cooperation. The district court explained to Abadia at the plea hearing that the Government reserved the discretion to move for a downward departure, 15-year sentencing cap, and three-level reduction based on Abadia's assistance. Abadia, who was represented by counsel, indicated that he understood the substantial-assistance provision. Additionally, Abadia did not question the district court when the court solicited questions. The Government did not breach the plea agreement by not recommending a 15-year sentencing cap. *See Santobello v. United States*, 404 U.S. 257, 262 (1971); *United States v. Valencia*, 985 F.2d 758, 760-61 (5th Cir. 1993).

AFFIRMED.